**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Norah Van Dusen**, OSB No. 180114
Email: norah@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.A.**, <br><br> Plaintiff, <br><br> vs. <br><br> **EMILY ECHTENKAMP, LOREN CALKINS, LEONARD CAIN** <br><br> Defendants. | Case No. 3:24-cv-518 <br><br> **COMPLAINT** <br><br> **Civil Rights Violation** <br> **Cruel and Unusual Punishment** <br> **Substantive Due Process** <br> **(42 U.S.C. § 1983)** <br><br> **Oregon Tort Claims Act** <br> **(Or. Rev. Stat. § 30.260 *et seq*)** <br> **Professional Negligence** <br><br> **Jury Trial Demanded** |

Plaintiff A.A.., by and through his attorneys, hereby alleges:

### NATURE OF ACTION

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Or. Rev.

Stat. § 30.260 by A.A.. A.A. was a juvenile who was convicted in adult court in Wasco County

COMPLAINT - 1
(Case No. 3:24-cv-518)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

when he was 15 years old. He was sentenced to a term of incarceration in the physical custody of the Oregon Youth Authority ("OYA") with an opportunity to be released after serving half his sentence depending on his progress in treatment at the OYA. The OYA placed him at the MacLaren Youth Correctional Facility in Woodburn, Oregon ("MacLaren"). Shortly after A.A. arrived at Maclaren at age fifteen, Defendant Emily Echtenkamp was assigned as his Qualified Mental Health Provider ("QMHP"). Echtenkamp began grooming A.A. for a sexual relationship when he was sixteen years old. Echtenkamp began her sexual relationship with A.A. when he was seventeen years old. Her unlawful sexual relationship with A.A. was known to Defendant Leonard Cain. Defendant Cain was a Group Life Coordinator. Defendant Cain did not take any appropriate steps to report this custodial sexual misconduct and protect A.A.. Defendant Loren Calkins was Echtenkamp's immediate supervisor. Calkins failed to take reasonable care in his supervision of Echtenkamp, allowing the custodial sexual misconduct to occur.

2.      In January, 2022, A.A.'s criminal conviction was vacated pursuant to SB 819 and his case was remanded to juvenile court in Multnomah County. The juvenile court entered an adjudication finding A.A. within the jurisdiction of the court and continued A.A.'s commitment to the OYA for a period of twenty-six months. A.A. was released from custody on April 22, 2022.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

4.      Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PARTIES

5.      A.A. is a resident of the state of Oregon and was at all relevant times. He is proceeding under his initials.

6.      At all relevant times, Emily Echtenkamp was employed as a licensed clinical social worker by the Oregon Youth Authority, acting under color of state law. She is sued in her individual capacity.

7.      At all relevant times, Loren Calkins was employed as a licensed clinical social worker and treatment services supervisor by the Oregon Youth Authority, acting under color of state law. He is sued in his individual capacity.

8.      At all relevant times, Leonard Cain was employed as a group life coordinator by the Oregon Youth Authority, acting under color state law. He is sued in his individual capacity.

## GENERAL ALLEGATIONS

9.      When Plaintiff was 15 years old, he committed a crime that the Wasco County District Attorney decided to prosecute in adult court.

10.     Plaintiff accepted a plea offer that resulted in a sentence of 60 months imprisonment in the legal custody of the Oregon Department of Corrections.

11.     The Oregon Department of Corrections placed Plaintiff in the physical custody of the OYA.

COMPLAINT - 3
(Case No. 3:24-cv-518)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

12.     By rule and by agreement of the parties to the criminal case, Plaintiff would be eligible for release from custody after serving 30 months depending on his progress in treatment at the OYA.

13.     Plaintiff was placed in the physical custody of the OYA at MacLaren on August 22, 2019.

14.     Plaintiff was fifteen years old when he was first incarcerated at MacLaren.

15.     Soon after his arrival at MacLaren, Echtenkamp began targeting him for a sexual relationship.

16.     Echtenkamp had a history of sexually abusing other youth incarcerated at MacLaren.

17.     As the QMHP assigned to Plaintiff, Echtenkamp had access to Plaintiff's complete file.

18.     In her role as Plaintiff's QMHP, Echtenkamp learned that Plaintiff had been a victim of childhood sexual abuse.

19.     Echtenkamp targeted Plaintiff in part because she knew he had already been a victim of childhood sexual abuse.

20.     Echtenkamp began grooming Plaintiff for a sexual relationship soon after his arrival at MacLaren, when he was sixteen years old.

21.     Echtenkamp's direct supervisor, Defendant Calkins, knew or should have known of Echtenkamp's history of inappropriate sexual relationships with other youth at MacLaren.

22.     Given the vulnerability of the population they were serving and the history of youth being targeted for sexual assault at MacLaren, a supervisor exercising a reasonable amount

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

of care would have immediately noticed and recognized Echtenkamp's behavior toward Plaintiff as grooming.

23.    Once Echtenkamp began her coercive sexual relationship with Plaintiff, she took very few precautions to shield her behavior from other staff at MacLaren.

24.    Echtenkamp capitalized on her role as a QMHP to take Plaintiff "off unit" and conduct private sessions with him at the Timberline building, where she could be alone with him.

25.    As part of the grooming process, Echtenkamp provided Plaintiff with contraband items, such as marijuana "dab" pens and nicotine vape pens.

26.    Echtenkamp sexually abused Plaintiff for the first time during a counseling session at Timberline.

27.    Echtenkamp took Plaintiff "off unit" for "counseling" at Timberline approximately twice per week for a year and a half, until Plaintiff left Maclaren in April, 2022.

28.    Echtenkamp's coercive sexual relationship with Plaintiff continued after his criminal conviction was vacated and he was committed to the OYA as a juvenile delinquent on January 25, 2022.

29.    Defendant Cain was aware that Echtenkamp was involved in a sexual relationship with Plaintiff and informed Plaintiff that he was knew about the coercive sexual relationship.

30.    Defendant Cain took no steps to protect A.A. or to intervene to prevent further sexual abuse by Echtenkamp.

31.    Defendant Cain was obligated under federal law, state law, and OYA rules and regulations to immediately report what he knew to his superiors. Cain never made the required report.

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

32.     Echtenkamp was having a sexual relationship with Cain during the same time period she was engaged in a coercive sexual relationship with Plaintiff.

33.     Echtenkamp had coercive sexual encounters with Plaintiff on at least 20 occasions for approximately a year and a half, beginning when Plaintiff was seventeen years old and continuing until he was released from Maclaren on April 20, 2022.

34.     The coercive sexual encounters included vaginal sexual intercourse, oral sex (mouth to penis), and manual sexual stimulation (hand to penis).

35.     When Plaintiff attempted to decline to sexual encounters with Echtenkamp, she threatened to turn him in for possessing the contraband she had provided to him unless he engaged in sexual acts with her.

## DISCOVERY OF THE HARM

36.     Echtenkamp engaged in a pattern of conduct with Plaintiff known as "grooming" where she gained the trust of Plaintiff and led Plaintiff to believe that their relationship was mutual and non-coercive.

37.     Grooming is a common tactic engaged in by child sex offenders.

38.     Echtenkamp's grooming of Plaintiff began shortly after he arrived at Maclaren, when he was sixteen years old. It included:

a.  Showing Plaintiff favoritism and special treatment;

b.  Building trust with Plaintiff's mother;

c.  Using her therapeutic relationship with Plaintiff to learn about Plaintiff's childhood trauma and then manipulating those traumas to connect with Plaintiff;

d.  Finding excuses to spend time alone with Plaintiff;

e.  Isolating Plaintiff from other trusted adults;

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

f.   Requesting Plaintiff keep secrets from other trusted adults;

g.   Eroding physical boundaries with Plaintiff;

h.   Giving gifts to Plaintiff in violation of OYA rules and regulations;

i.   Giving contraband to Plaintiff in violation of OYA rules and regulations;

j.   Telling Plaintiff she loved him;

k.   Manipulating her position as Plaintiff's counselor to emotionally identify with Plaintiff.

39.     As a result of Echtenkamp's grooming of Plaintiff, Plaintiff was not immediately aware of the coercive nature of their sexual relationship and therefore could not perceive the harm caused by Echtenkamp's conduct.

40.     Plaintiff first became aware of the coercive nature of his relationship with Echtenkamp in March, 2024, shortly after learning of Echtenkamp's criminal indictment for sexually abusing another youth at Maclaren.

**FIRST CLAIM FOR RELIEF**
**(Cruel and Unusual Punishment – Violation of the Eighth Amendment)**
**(Against Defendants Echtenkamp and Cain)**

41.     Defendant Echtenkamp was a staff member of a youth correctional facility.

42.     All Defendants were acting under color of state law.

43.     Defendant Echtenkamp touched Plaintiff in a sexual manner without legitimate penological justification.

44.     Defendant Echtenkamp acted for her own sexual gratification.

45.     Defendant Cain knew that Defendant Echtenkamp was repeatedly engaging in sexual acts with Plaintiff.

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

46.     No Defendant took reasonable, appropriate, and legally mandated steps to stop the sexual abuse from occurring.

47.     Defendant Cain, in failing to act to protect Plaintiff, acted with deliberate indifference to the right of Plaintiff to be free from coerced sexual contact from Defendant Echtenkamp.

**SECOND CLAIM FOR RELIEF**
**(Substantive Due Process – Violation of the Fourteenth Amendment)**
**(Against Defendants Echtenkamp and Cain)**

48.     Defendant Echtenkamp was a staff member of a youth correctional facility.

49.     All defendants were acting under color of state law.

50.     Maclaren is a youth correctional facility that provides confinement and treatment to adjudicated juveniles.

51.     Plaintiff was confined at Maclaren as an adjudicated youth from January 25, 2022 until his release from Maclaren on April 2, 2022.

52.     The purpose of the treatment provided at Maclaren is non-penological.

53.     Defendant Echtenkamp touched Plaintiff in a sexual manner that was not reasonably related to any legitimate government objectives.

54.     Defendant Echtenkamp's repeated sexual abuse of Plaintiff constituted a substantial departure from professional judgement, practice, or standards.

55.     Defendant Echtenkamp failed to provide for Plaintiff's reasonable safety while confined at the OYA by repeatedly engaging in coerced sexual conduct with Plaintiff.

56.     Defendant Cain knew that Defendant Echtenkamp was repeatedly engaging in sexual acts with Plaintiff.

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

57.     No Defendant took reasonable, appropriate, and legally mandated steps to stop the sexual abuse from occurring.

58.     Defendant Cain, in failing to act to protect Plaintiff from sexual abuse by Defendant Echtemkamp, failed to provide for Plaintiff's reasonable safety.

59.     Defendant Cain, in failing to act to protect Plaintiff, acted with deliberate indifference to the right of Plaintiff to be free from coerced sexual contact from Defendant Echtenkamp.

**THIRD CLAIM FOR RELIEF**
**(Professional Negligence under Oregon Tort Claims Act)**
**(Against Defendants Echtenkamp and Calkins)**

60.     Defendant Echtenkamp was acting within the course and scope of her employment by the Oregon Youth Authority when she was engaged in all conduct alleged above.

61.     Defendant Echtenkamp's conduct fell below the standard of care of a reasonable and prudent mental health counselor acting under the same or similar circumstances in the same or similar community as follows:

a.  In violating the boundaries of a counselor/mental health therapist/patient relationship between Plaintiff and Echtenkamp in the following particulars:

    i.  In violating the boundaries and allowing her personal involvement with Plaintiff to supersede her professional judgment, specifically engaging in a non-professional relationship with Plaintiff.

    ii.  In failing to coordinate an appropriate transition for Plaintiff to another mental health counselor when she knew, or had reason to know, that her counseling of Plaintiff would be useless and would cause personal and emotional injury.

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

b.  In failing to seek counselling for her own personal problems that impaired her ability to provide professional care to Plaintiff when she knew, or in the exercise of reasonable care, should have known, that her own personal problems were interfering with her clinical judgment and causing Plaintiff injury.

c.  By failing to provide Plaintiff with the professional treatment that he needed.

d.  In having sexual intercourse with Plaintiff when she knew, or should have known, that Plaintiff was an emotionally and mentally vulnerable person and such conduct would cause Plaintiff mental and emotional injury.

62.  Defendant Calkin's conduct fell below the standard of care of a reasonable and prudent person acting under the same or similar circumstances in the same or similar community as follows:

a.  In failing to adequately supervise Echtenkamp when he knew, or should have known, Echtenkamp was engaging in inappropriate sexual behavior with emotionally and mentally vulnerable patients.

b.  In failing to provide a safe environment, free from sexually deviant behavior, for his emotionally and mentally vulnerable patients, such as Plaintiff.

c.  In failing to provide a safe environment, free of sexual advances by the counselors he supervised such as Echtenkamp, when he knew or should have known Echtenkamp was engaging in inappropriate sexual advances with her patients.

d.  In allowing Echtenkamp to meet with emotionally and mentally vulnerable patients, such as Plaintiff, alone with a closed door when he knew or should have known that Echtenkamp was attempting to manipulate her patients into having sexual intercourse with her.

COMPLAINT - 10
(Case No. 3:24-cv-518)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

e.  In failing to protect emotionally and mentally vulnerable patients, such as

Plaintiff, when he knew or should have known that Echtenkamp was engaging in

deviant sexual behavior with those patients.

## DAMAGES

As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered

economic and noneconomic damages, including:

a.  Mental and emotional injury;

b.  Lost opportunity to engage in mental health therapy to which he was entitled;

c.  Compensation for Plaintiff's loss of his civil right to be free from sexual

contact by staff members while he was both a prisoner and an adjudicated

youth at a youth correctional facility;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will enter a Judgment in his

favor, and against Defendants, as follows:

A. Grant Plaintiff compensatory damages against Defendants in an amount to be

determined at trial;

B.  Award Plaintiff reasonable costs, expenses, and attorney's fees;

C.  Grant Plaintiff such further relief as this Court deems just and equitable under the

circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

COMPLAINT - 11
(Case No. 3:24-cv-518)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**DATED** this 27ᵗʰ day of March, 2024.

By:    s/ Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
**Norah Van Dusen**, OSB No. 180114
Attorneys for A.A.

COMPLAINT - 12
(Case No. 3:24-cv-518)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092